UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the MICHIGAN CARPENTERS'
COUNCIL PENSION FUND, Trustees of the
MICHIGAN CARPENTERS' COUNCIL HEALTH
AND WELFARE FUND, Trustees of the
MICHIGAN CARPENTERS' COUNCIL
APPRENTICESHIP AND TRAINING FUND and
Trustees of the MICHIGAN CARPENTERS'
COUNCIL ANNUITY FUND,

      Plaintiffs,

v.

STUDMARK & CO., a Michigan corporation, and
STUDMARK CONTRACTING, INC., a Michigan
corporation, jointly and severally,

      Defendants.

Case No.

Hon.

_____
SACHS WALDMAN, Professional Corporation
Hope L. Calati (P54426)
George H. Kruszewski (P25857)
1423 E. Twelve Mile Rd.
Madison Heights, Michigan 48071
(248) 658-0800
Attorneys for Plaintiffs
_____

**COMPLAINT**

  The above-named Plaintiffs, by and through their attorneys, SACHS WALDMAN, PROFESSIONAL CORPORATION, complaining against the above-named Defendants, respectfully show unto this Court as follows:

  1. Plaintiffs Trustees of the MICHIGAN CARPENTERS' COUNCIL PENSION FUND, the MICHIGAN CARPENTERS' COUNCIL HEALTH AND WELFARE FUND, the Trustees of

the MICHIGAN CARPENTERS' COUNCIL APPRENTICESHIP AND TRAINING FUND and the Trustees of the MICHIGAN CARPENTERS' COUNCIL ANNUITY FUND (collectively, "Funds"), are the Trustees of those Funds, respectively, which were established through collective bargaining, are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and maintain their principal offices in the City of Lansing, County of Ingham, State of Michigan.

2. Defendant STUDMARK & CO. is a Michigan corporation, doing business in an industry affecting commerce within the meaning of 29 U.S.C. § 142 and § 185 and 29 U.S.C. § 1002(5) and (12). Its principal place of business is in the City of Ishpeming, County of Marquette, State of Michigan.

3. Defendant STUDMARK CONTRACTING, INC. is a Michigan corporation, doing business in an industry affecting commerce within the meaning of 29 U.S.C. § 142 and § 185 and 29 U.S.C. § 1002(5) and (12). Its principal place of business is in the City of Ishpeming, County of Marquette, State of Michigan.

4. Defendants are, and at all times material herein have been, affiliated business enterprises with common ownership, common management, common equipment and other assets, and common employees, and thus constitute a single integrated business enterprise, single employer, co-employer, successor employer, or alter ego, each Defendant being merely another face of the other, and none of the Defendants having any life of their own.

5. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. § 185, and Sections 502(a)(2) and 515 of ERISA, 29 U.S.C. § 1132(a)(2) and § 1145, this being a suit for

breach of the fringe benefit provisions of collective bargaining agreements ("Agreements") entered into by the Michigan Regional Council of Carpenters, an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 142 and § 185 and 29 U.S.C. § 1002(12), to which to which Defendants, as an employer, are bound.

6. Venue of the United States District Court for the Western District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), the district in which the plan is administered.

7. Defendants are bound by the Agreements, copies of which are in Defendants' possession.

8. Defendants also are, and have been, bound by the terms of the applicable trust agreements establishing the Funds incorporated by reference in the Agreements.

9. Under the terms of the Agreements, Defendants became obligated to make contributions to the Plaintiffs with respect to covered work performed by and wages paid to employees of Defendants, and to submit its books and records to Plaintiffs for periodic inspection and audit.

10. An audit of Defendant STUDMARK CONTRACTING, INC. for the period of October 2005 through July 2009 revealed a delinquency to Plaintiffs of $6,923.36 which consists of $5,589.35 in delinquent fringe benefit contributions, $955.01 in audit assessments, and $379.00 in cost of audit. Defendants have failed to pay these amounts.

11. An audit of Defendant STUDMARK & CO. for the period of January 2009 through June 2012 revealed a delinquency to Plaintiffs of $37,255.85 which consists of $31,644.17 in delinquent fringe benefit contributions, $4,437.67 in audit assessments, $33.49 in Annuity Fund late

payment assessments, and $761.51 in cost of audit. Defendants have failed to pay these amounts.

12. Fringe benefit reports submitted to Plaintiffs by Defendant STUDMARK & CO. reveal an indebtedness to Plaintiffs in the amount of $12,365.40 for the month of February 2013 and $12,737.28 for the month of March 2013. These amounts are subject to confirmation through audit. Defendants have failed to pay these amounts.

13. The amount of Defendants' indebtedness for delinquent contributions and other amounts cannot be determined until Defendants submit their complete books and records for inspection and audit.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants, jointly and severally, containing the following provisions:

A. Adjudicating that Defendants are bound to pay contributions to Plaintiffs for the benefit of the Funds as alleged in this Complaint;

B. Ordering Defendants to specifically perform in accordance with all of the fringe benefit provisions of the Agreements;

C. Awarding Plaintiffs for the benefit of the Funds $69,281.89;

D. Requiring Defendants to make available to an auditor appointed by Plaintiffs all of books, records and accounts showing work performed by employees, hours worked by employees and any sums paid to plaintiffs and to employees covered by the Agreements for the period of July 2012, to the date of said audit, and to pay for the cost of auditing said books;

E. Awarding Plaintiffs all amounts such audit reveals as owed by Defendants to Plaintiffs including delinquent contributions and liquidated damages;

F. Awarding Plaintiffs all costs, interest, and attorneys' fees incurred in bringing

and prosecuting this present action pursuant to 29 U.S.C. § 1132(g)(2) and Plaintiffs' plan documents; and

       G.    Granting Plaintiffs for the benefit of the Funds any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

                                              Respectfully submitted,

                                              SACHS WALDMAN,
                                              PROFESSIONAL CORPORATION

                                              BY:    s/ Hope L. Calati
                                                          HOPE L. CALATI (P54426)
                                                          1423 E. Twelve Mile Rd.
                                                          Madison Heights, MI 48071
                                                          (248) 658-0800
                                                          hcalati@sachswaldman.com

Date:   September 17, 2013