UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN CARPENTERS' COUNCIL
PENSION FUND, et al.,

    Plaintiffs,                                                Hon. Janet T. Neff

v.                                                        Case No. 1:13-cv-01018

STUDMARK & CO., et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 19), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). A hearing on the motion was held March 25, 2014.

      A summons was returned executed as to defendant Studmark Contracting, Inc. (Dkt. 14). Defendant failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendant Studmark Contracting, Inc. on January 9, 2014 (Dkt. 17). In response to the notice of hearing on the motion for default judgment (Dkt. 26), plaintiff filed a proof of service of the motion (Dkt. 23) and notice of hearing (Dkt. 27) on the defaulting defendant. Plaintiff, through counsel, appeared for the March 25, 2014 hearing on the motion for default judgment. Defendant Studmark Contracting, Inc. did not appear for the hearing or contact the court in any way.

## THE PARTIES

Plaintiffs Michigan Carpenters' Council Pension Fund, et al. are funds established through collective bargaining, maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiffs claim that defendants, including defaulting defendant Studmark Contracting, Inc., are delinquent in payments due to the funds under the applicable collective bargaining agreements. Studmark Contracting, Inc. is not a minor or an incompetent person. As this defendant has not answered or otherwise pled, the allegations against Studmark Contracting, Inc. are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## CONCLUSION

The undersigned accepts as appropriate and comprehensive the calculation of damages set forth by plaintiffs and the additional relief requested as contained in their motion and presented on the record at the March 25, 2014 hearing . The undersigned (1) is satisfied that plaintiff has complied with Fed. R. Civ. P. 55(b); (2) has held a hearing pursuant to Fed. R. Civ. P. 55(b)(2) regarding damages; and (3) recommends that Plaintiff's Motion for Default Judgment (Dkt. 19) be GRANTED and judgment entered in favor of plaintiffs and against defendant Studmark Contracting, Inc. in the form of the proposed judgment submitted by plaintiffs (Dkt. 24).

Respectfully submitted,

Date: March 31, 2014  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).