UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the MICHIGAN CARPENTERS'
COUNCIL PENSION FUND, *et al*,

    Plaintiffs,

v

STUDMARK & CO., a Michigan corporation,
and STUDMARK CONTRACTING, INC., a
Michigan corporation, jointly and severally,

    Defendants,
and

MARK JYLHA,

    Garnishee Defendant.
                                    /

Case No. 1:13-cv-1018

Hon. Ellen S. Carmody

BRIEF IN SUPPORT OF MOTION PURSUANT TO
FED. R. CIV. PRO. 55(b)(1) FOR DEFAULT JUDGMENT AGAINST
GARNISHEE DEFENDANT MARK JYLHA BY CLERK OF COURT

Plaintiffs, Michigan Carpenters' Council Pension Fund, *et al*, obtained judgment against the principal defendant, Studmark & Co., on July 22, 2014 in the amount of $95,656.49. The amount due and owing on the judgment as of April 18, 2016 is $95,839.84, including accrued interest, as appears from the computation attached to the Motion as Exhibit A.  On February 4, 2016, Plaintiffs filed a Request and Writ for Garnishment (Non-Periodic) against Mark Jylha ("Garnishee Defendant") alleging that Garnishee Defendant was, at that time, indebted to the

Principal Defendant.  The Request and Writ for Garnishment was served on Garnishee Defendant via hand delivery on March 24, 2016 and via certified mail-return receipt requested on February 17, 2016, as appears from the Proofs of Service as filed with the court [Docket Nos. 138 and 139].  The Garnishee Defendant has failed to file any disclosure with this Court.  A Clerk's Entry of Default of Garnishee Defendant Mark Jylha was entered on April 18, 2016 [ECF No. 142, Page ID 315].

Rule 69 of the Federal Rules of Civil Procedure, subsection (a)(1), provides:

> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Rule 69 allows the use of the Michigan Court Rules and statutes with reference to garnishments, particularly Michigan Court Rule 3.101 on garnishments.  Michigan Court Rule 3.101(S) provides for the entry of default against the Garnishee Defendant for the Garnishee Defendant's failure to file the appropriate disclosure.  Michigan Court Rule 3.101(S) states:

> Failure to Disclose or to Do Other Acts; Default; Contempt.

    (1) For garnishments filed under MCR 3.101(B)(2)(Non Periodic):

        (a) If the garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions. A default judgment against a garnishee may not exceed the amount of the garnishee's liability as provided in subrule (G)(2).

        (b) If the garnishee fails to comply with the court order, the garnishee may be adjudged in contempt of court.

Since the default of the Garnishee Defendant has been entered [ECF No. 73, Page ID 216] in accordance with Fed. R. Civ. Pro. 55(a) and Michigan Court Rule 2.603(A), the Clerk of the Court may enter a default judgment against the Garnishee Defendant in accordance with Fed. R. Civ. Pro. 55(b)(1), Fed. R. Civ. Pro. 69, Michigan Court Rule 2.603(B), and Michigan Court Rule 3.101(S).

WHEREFORE, Plaintiff prays that this Honorable Court, by and through the Clerk of the Court, enter judgment against Garnishee Defendant Mark Jylha in the amount of $95,839.84.

        ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

          /s/ Craig E. Zucker
        CRAIG E. ZUCKER (P39907)
        Attorneys for Plaintiffs
        400 Galleria Officentre, #444
        Southfield, MI 48034-8429
        (248) 827-4100
        czucker@ermanteicher.com

DATED:   April 19, 2016